GORGAS, The E. W.  See Cases Nos. 4,585 and 7,248.

GORGOZA (STEWART v.).  See Case No. 13,428.

GORGUS, The E. W.  See Case No. 4,586.

## Case No. 5,624.

### In re GORHAM.

[9 Biss. 23; 18 N. B. R. 419; 11 Chi. Leg. News, 58; 26 Pittsb. Leg. J. 112.] [1]

District Court, N. D. Illinois. Nov., 1878.

BANKRUPTCY OF A FIRM—RIGHTS OF COPARTNER—ESTOPPEL—RIGHT OF COPARTNER TO BE MADE PARTY TO PROCEEDINGS.

1. A firm may be adjudicated bankrupt so long as there are undistributed partnership assets, and partnership debts and liabilities.

2. The right of one partner to have the firm adjudicated bankrupt is co-extensive with the right of the firm creditors or of another partner.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 26 Pittsb. Leg. J. 112, contains only a partial report.]

3. One copartner, as between himself and the firm creditors, cannot estop himself by any dealings with the other partner from claiming partnership assets.

4. Where one member of a firm filed his petition in bankruptcy, scheduling the assets and liabilities of the firm, and also his individual assets and liabilities: *Held*, that it was the right of the other member to be made a party to the proceedings thus initiated and to have the firm adjudged bankrupts on their own petition.

In bankruptcy.

Goudy, Chandler & Skinner, C. B. Lawrence, and Wirt Dexter, for Seldon H. Gorham.

M. W. Fuller and John Morris, for E. F. Hollister.

BLODGETT, District Judge. This case comes up upon the petition of Hollister to be made a party to the voluntary petition of Gorham, to be adjudged a bankrupt. The facts, which are undisputed in the case, seem to be these: Hollister, Gorham and Dwight were partners from March, 1875, to March, 1878, under the firm name of Hollister & Gorham, and were engaged in the business of wholesale dealers in carpets, upholstery and furnishing goods in this city. Hollister and Gorham were general partners, and Dwight a special partner, under the Illinois statute in regard to limited copartnership.

On the second of March, 1878, the partnership expired by limitation, and Dwight and Hollister, by bills of sale, transferred their interests in the partnership assets to Gorham. At the same time an agreement was made between Hollister and Gorham, by which Gorham agreed to faithfully apply the firm assets to the payment of the firm debts; that the business should continue under the firm name of Hollister & Gorham, and that Hollister should be paid a salary of $150 per month from March 1, to July 1, 1878, and also be entitled to three-eighths of the profits of the business, if any, from January 1, to July 1, 1878.

On the first of January, 1878, the firm was unable to meet its liabilities as they then matured, and obtained an extension from a portion of its creditors on their then pressing liabilities until March and April last. At the time Gorham took the transfer of the interest of Hollister and Dwight, the financial condition of the firm as to assets and liabilities, remained about as in January, except so far as relieved by the temporary extension to March and April. After Gorham took the bill of sale he made purchases for the business in the firm name of Hollister & Gorham, to the extent of about nine thousand dollars, and paid from the sales of the stock and collections about the same amount of indebtedness of the old firm. On the 29th of April, Gorham made a voluntary assignment for the benefit of his creditors, to George F. Phelps, but nothing seems to have been consummated under it, and no particular steps were taken to carry that assignment into effect.

On the 4th of May, Gorham filed his voluntary petition in bankruptcy in this court, scheduled the assets of the firm of Hollister & Gorham, or rather the assets which he had received from Hollister and Dwight, as the firm assets, about $57,000, and liabilities about $73,000, which included his liabilities as a member of the firm of Hollister & Gorham and about $2,800 due to one Charles P. Thayer. On the 18th of May, Gorham amended his schedule and added about $6,000 to the assets, and an individual liability to his father, C. P. Gorham, of $6,000.

On the 22d day of May, Gorham filed a petition for composition, and offered to pay his creditors 30 per cent. on their demands. This offer was rejected by the creditors at a creditors' meeting, and on the 6th of July, C. P. Gorham, the father of the bankrupt, filed proof of debt for $31,527, against the bankrupt individually, although the bankrupt in his schedule in bankruptcy, and in his composition schedule, had only put his father down as a creditor to the amount of $6,000. On the 18th of July, Hollister filed a petition, setting forth in substance the existence of the partnership up to March 2; that Hollister then retired from the firm, leaving assets in the hands of Gorham, with the agreement that they should be applied to the payment of the copartnership debts; that the copartnership debts amounted on the 1st of March to over $66,000, all or nearly all of which remained unpaid; that Gorham by his proceedings in bankruptcy, was seeking to apply the firm assets to the payment of his individual liabilities, to the prejudice of the firm creditors, and asked that he might be made a party to the bankruptcy proceedings, and that the firm might be adjudicated bankrupt to the end that the firm assets should be applied to the payment of the firm debts. To this petition the bankrupt, Seldon H. Gorham, objects, and objection is also made by and in behalf of the individual creditor of the bankrupt, Mr. C. P. Gorham.

The petitions and objections were referred to the register to hear proofs and reports, and he has reported against allowing the prayer of the petition. Exceptions are taken to the finding on this report. On the 15th of August, Hollister filed a petition in the name of the firm, asking that the firm be adjudicated bankrupts, and that a rule be made on Gorham to show cause why such prayer should not be granted. On the same day, W. W. Phelps, assignee of Gorham in bankruptcy, filed a supplemental petition in the case of Seldon H. Gorham, asking that Hollister be made a party, and the firm adjudicated, so as to enable him to reach partnership assets, and properly distribute the assets among the individual and partnership creditors. On the 31st of August, certain firm creditors filed an involuntary petition in bankruptcy against Hollister & Gorham, alleging acts of bankruptcy, and asking for the adjudication of the firm.

The bankrupt, C. P. Gorham, resists the petition filed by Hollister in behalf of the firm, and by the assignee, but no objections are urged by them against the involuntary petition. The questions raised have been ably and exhaustively argued and discussed, the discussion being mainly directed to the effect of allowing Hollister to become a party on a distribution of the assets between the individual and the firm creditors. It may be assumed that several of the petitions have been filed out of abundance of caution, as the repeal of the bankrupt law was about to take effect, and in order that an adjudication might be secured in some one of the forms asked for.

The only question I propose to definitely dispose of, is the right of Hollister to become a party to the bankruptcy proceedings, and have the firm adjudicated, either on his own petition or on that of the assignee. Whatever may have been held in other circuits, the rule in this circuit has been uniform that so long as there are undistributed partnership assets and partnership debts or liabilities, the firm may be adjudicated bankrupt. The authorities directly in support of this are In re Noonan [Case No. 10,292]; In re Cook [Id. 3,151]. The same rule is well settled in other circuits, as will be seen by reference to Hunt v. Pooke [Id. 6,896]; In re Independent Ins. Co. [Id. 7,017]; In re Green Pond R. Co. [Id. 5,786]; In re McFarland [Id. 8,788].

There can be no doubt, in the light of these authorities, that Gorham, at the time he filed his petition, could have asked to have the firm adjudged bankrupt; that is, at the time he filed his voluntary petition in bankruptcy, on the 4th of May, 1878; and on the filing of such petition a rule would have been entered requiring Hollister to show cause why adjudication should not be entered against him and against the firm. This is clearly shown by the general orders in bankruptcy, which have been the rule of all the bankrupt courts since the bankrupt law went into effect, in June, 1867. Rule 18 reads as follows:

"In case one or more members of a copartnership refuse to join in a petition to have the firm declared bankrupt, the parties refusing shall be entitled to resist the prayer of the petition in the same manner as if the petition had been filed by a creditor of the partnership, and notice of the filing of the petition shall be given to him in the same manner as provided by law, and by these rules in the case of a debtor petitioned against; and he shall have the right to appear at the time fixed by the court for the hearing of the petition, and to make proof, if he can, that the copartnership is not insolvent, or has not committed an act of bankruptcy; and to take all other defenses which any debtor proceeded against is entitled to take by the provisions of the act; and in case an adjudication of bankruptcy is made

upon the petition, such copartner shall be required to furnish to the marshal, as messenger, a schedule of his debts and an inventory of his property, in the same manner as is required by the act in cases of debtors against whom adjudication of bankruptcy shall be made." And on the return of this rule, no act of bankruptcy need be proven. It is sufficient if it be shown that the firm owed more than $300, and is unable to pay its debts in full.

This was held by Judge Drummond in the case (In re Noonan) above cited. So, too, the creditors of the firm could have filed an involuntary petition against both members, and had the firm adjudicated if an act of bankruptcy could have been alleged against the firm and proven. With these rights on the part of Gorham, or of the firm creditors, to bring Hollister and the firm into bankruptcy, I can see no escape from the conclusion that Hollister had a corresponding right to have the firm adjudicated. It seems very clear to me, that his right was co-extensive with that of Gorham, or co-extensive with that of the creditors of the firm, and that if Gorham or the creditors could have required the firm to be adjudicated, then Hollister can ask to be made a party to the adjudication, which Gorham has already obtained. His liability on the partnership debts was not extinguished, and he therefore had the right to invoke the aid of the court, both for the purpose of obtaining his own discharge, and also to protect the firm creditors.

What valid reason, then, can be urged against his right to intervene in the petition filed by Gorham? Gorham's neglect or refusal to join him in the proceedings cannot defeat his right, and when he makes known to the court by his petition sufficient facts to show that he ought to have been joined in the proceeding by which Gorham attempted to bring the copartnership assets and creditors before the court, it seems to me he has made out a right to become a party to those proceedings. He seems to me to have been a necessary party to the proceeding in order to enable the court to make a proper order for the distribution of assets between the firm and the individual creditors, and it is not proper for the court to allow a mere question of form or the manner in which he seeks thus to be made a party, to interfere with the substantial rights of Hollister, or of the creditors.

It is urged, however, with much earnestness. that there are no partnership assets; that by the sale, the assets of the firm became the individual property of Gorham, and that Hollister has estopped himself from saying that there are partnership assets, and from asserting that he is thereby entitled to become a party to these proceedings. Two answers to this position occur to me: First, that as between himself and the firm creditors, Hollister cannot estop himself by any dealings with Gorham from any duty he owes these creditors. By law Hollister is bound, and it is made his duty, to see that the partnership assets are properly applied to the payment of the partnership debts, and no dealing between himself and Gorham can estop him from exercising that duty. Secondly, that by the express written agreement between Gorham and Hollister, the assets are pledged to the payment of the debts of the firm, and Gorham is only made a trustee for the benefit of the creditors, to convert the assets, and pay the debts of the firm, and it is competent for either of these copartners to bring these firm assets into the bankrupt court, for the purpose of having them distributed in accordance with the bankrupt law [of 1867 (14 Stat. 517)] to the various creditors who are entitled to them.

Without further discussing the matter, then, I am of opinion that the register erred in holding that Hollister could not file this petition, and the exceptions to his finding in that regard are sustained, and an order should be made upon the petition and proofs, allowing Hollister to become a party to the petition in bankruptcy filed by Gorham, and that Hollister, and the firm of Hollister & Gorham, should be adjudged bankrupts on their own petition. No order will be made for the present in regard to the other petitions that have been filed.

It was urged on the hearing, that I should decide the ultimate question involved in this discussion, which is the application of the proceeds in the hands of the bankrupt court to the payment of the individual and the copartnership debts; but it seems to me that a decision at this time would be premature, as it would bind nobody, as there is, properly speaking, no question before the court to which that opinion could be made to apply, and error could not be assigned to any finding which I might now make as to the proper distribution of the copartnership assets. That will come up hereafter; but I am clearly of opinion, that the right of Hollister to be made a party to these proceedings must be conceded; and while the register seemed to be of opinion that the proper form of proceeding was for Hollister to have filed an original petition asking for an adjudication of the firm, and asking that Gorham should show cause as an indifferent or objecting member of the firm, why the firm should not be adjudicated; yet I can see no reason why that mere form, when it only reaches the same terminus after all, should be insisted upon in this case. It seems to me that Gorham, being in bankruptcy, having brought the firm assets and the firm creditors into the bankrupt court, it was the right of Hollister to be made a party to the proceedings which Gorham had initiated.